# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY M. RICE,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 10-CV-1829-LAB-RBB<br><br>**ORDER DISMISSING CASE** |

Pending before the Court is Mr. Rice's motion for leave to proceed *in forma pauperis*.

## I.     IFP Motion

All parties instituting a civil action in a district court of the United States, except for habeas petitioners, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). A party is excused from paying the fee, however, if the Court grants leave to proceed IFP pursuant to 28 U.S.C. 1915(a). Mr. Rice claims that he is a freelance journalist who recently completed a book on the issues raised by his lawsuit. He states no income from this work, however, and instead claims he receives $220 per month in "General Relief." He also claims to have no checking account, no savings account, and no assets of value. His Motion to Proceed *In Forma Pauperis* is therefore **GRANTED**.

## II.     Initial Screening

Pursuant to 28 U.S.C. § 1915(e), the Court must screen each civil action commenced pursuant to 28 U.S.C. § 1915(a) and dismiss the action if the Court finds it is frivolous or

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 45 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

Mr. Rice's original complaint was a mere paragraph of grievances, accompanied by approximately 20 seemingly unrelated pages that it appears he printed off of the internet. His amended complaint is better, but still woefully inadequate. The Court has no clear sense of what Mr. Rice's claims are about, or why he has named all of the Defendants that he has. The Court therefore finds that it does not pass the screening required by § 1915(e)(2)(B). It is frivolous and, as such, fails to state a claim upon which relief can be granted.

This action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED: March 26, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge